IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|   |   |
|---|---|
| IN RE RONALD J. YONKOSKI,<br><br>Plaintiff. | Civil No. 1:25-CV-01435<br><br><br><br><br><br>Judge Jennifer P. Wilson |

### MEMORANDUM

Presently before the court is a complaint filed by Ronald J. Yonkoski ("Plaintiff"), a pretrial detainee housed at the Lackawanna County Correctional Facility, alleging exposure to pornography, mental anguish, medical neglect, and starvation. (Doc. 1.) Plaintiff is a self-represented litigant and has applied to proceed *in forma pauperis*. (Doc. 4.) The court will grant Plaintiff's motion to proceed *in forma pauperis*, file the complaint, dismiss the complaint without prejudice, and grant Plaintiff leave to file an amended complaint.

### BACKGROUND

On August 4, 2025, the court received and docketed Plaintiff's complaint in the above captioned action. (Doc. 1.) This complaint names no defendants and alleges that "they" found out he was four years celibate and an official member of the Our Lady of Snows. (*Id.*) He alleges he has been exposed to pornography twenty-four hours a day. (*Id.*) He also alleges mental anguish, medical neglect,

1

and starvation. (*Id.*) As relief, Plaintiff asks for the charges against him to be dropped and that he be awarded compensation. (*Id.*)

Plaintiff filed a motion to proceed *in forma pauperis* and a prisoner trust fund account statement. (Docs. 4, 7.) The court will grant Plaintiff's motion to proceed *in forma pauperis* and screen the complaint.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred in Lackawanna County, Pennsylvania, which is located in this district. *See* 28 U.S.C. § 118(b).

## STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]" The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party.  *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020).  The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011).  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

## DISCUSSION

Under the nature of complaint heading, Plaintiff alleges "I am on SSD I am trying my best.  I don't even have my glasses." (Doc. 1.)  However, the factual

3

allegations do not discuss Plaintiff's Social Security Disability benefits or his glasses. Instead, they allege facts that speak to an alleged violation of Eighth Amendment rights based on his conditions of confinement. As such, his claims would fall under 42 U.S.C. § 1983.

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).

Plaintiff's complaint does not allege the personal involvement of any individual. Without a named defendant, Plaintiff cannot proceed under 42 U.S.C. § 1983. Therefore, the court will dismiss the complaint without prejudice and grant Plaintiff leave to file an amended complaint.

## CONCLUSION

For the above-stated reasons, the court will grant Plaintiff's motion to proceed *in forma pauperis*, file the complaint, and dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The court will grant Plaintiff leave to file an amended complaint to cure the above stated pleading defects.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: December 3, 2025